IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **International Watchman Inc.** ) | |
| c/o statutory agent: Ronald Sabo, Jr. ) | Case No. |
| 4301 Manhattan Ave. ) | |
| Brunswick, Ohio 44232 ) | Judge: |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR** |
| v. ) | **TRADEMARK INFRINGEMENT,** |
| ) | **COUNTERFEITING, AND UNFAIR** |
| **Urban Armor Gear, LLC** ) | **COMPETITION** |
| 28202 Cabot Road, Suite 300 ) | |
| Laguna Niguel, CA  92677 ) | |
| Agent for Services ) | *(Jury demand endorsed hereon)* |
| CSC Lawyers Incorporating Service ) | |
| 2710 Gateway Oaks Drive ) | |
| Sacramento, CA  95833 ) | |
| ) | |
| and ) | |
| ) | |
| **Milano Straps, LLC** **)** | |
| 309 East 108 Street #3A ) | |
| New York, NY  10029 ) | |
| ) | |
| And ) | |
| ) | |
| **Island Watch** **)** | |
| Attn: Mark Frankel ) | |
| 273 Walt Whitman Road ) | |
| Suite 217 ) | |
| Huntington Station, NY 11746 ) | |
| ) | |
| Defendants ) | |
| ) | |

NOW COMES the Plaintiff, *International Watchman, Inc.*, and for its Complaint against the Defendants and allege as follows:

**THE PARTIES**

1. The Plaintiff, International Watchman, Inc., is a corporation organized under the laws of

Ohio, and has its principal place of business in Brunswick, Ohio, which is in Medina County.

2. Upon information and belief, the Defendant Urban Armor Gear, LLC is a California limited liability company having a principal place of business at 1601 Alton Parkway, Suite C, Irvine, CA 92606 ("UAG"). Defendant UAG does business through various online avenues and engages for business within the State of Ohio.

3. Upon information and belief, the defendant Milano Straps is a New York limited liability company having a principal place of business at 309 East 108 Street #3A, New York, NY 10029 ("Milano"). Defendant Milano does business through various online avenues and engages for business within the State of Ohio.

4. Upon information and belief, the Defendant Island Watch is a New York corporation with a principal place of business at 273 Walt Whitman Road, Suite 217, Huntington Station, NY 11746 ("Island").  Defendant Island does business under various names, including under the name Long Island Watch through various online avenues and engages for business within the State of Ohio.

## JURISDICTION AND VENUE

5. This is an action for trademark infringement. The Court has subject matter over this matter because the Plaintiff states a claim for federal trademark infringement, 15 U.S.C. § 1125(a); §43(a) of the Lanham Act.  This Court also has supplemental jurisdiction over the claims in the Complaint which arise under the statutory and common law of the State of Ohio pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. This Court has personal jurisdiction over the Defendant by virtue of their sale of

products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

7. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant are subject to personal jurisdiction in this district, and the infringement occurred within this judicial district.

## FACTUAL ALLEGATIONS

8. The Plaintiff has a federally registered mark for "NATO" Registration Number 3,907,646. ("the '646 mark")  (See Registration Certificate attached hereto as "Exhibit 1.")

9. Plaintiff, through its brand, has become very well known as a supply of watches and watch strap sold by Plaintiff under the NATO® brand. The NATO® brand has further successfully expanded into various other categories of products, including, *inter alia*, knives, buckles, bags, toys, apparel, electronics (i.e., flashlights, laser bore sights), gun holsters, cups and mugs, jewelry organizers, key rings, beer and other drinks and alcoholic beverages.

10. Currently, the Plaintiff sells and distributes NATO® brand products through online marketplaces such as www.eBay.com, and through distributors and under license.

11. Plaintiff is asserting that Defendants have infringed the Plaintiff's federally registered trademark.

12. The Defendants have unfairly misused the Plaintiff's registered mark in the Defendants' use of "NATO" in connection with their infringing business services.

13. The Plaintiff is entitled to an award of damages against each Defendant for trademark infringement.

## CLAIM NO. 1

*(Federal Trademark Infringement; Unfair Competition  
15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

14. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

15. On information and belief, Defendant UAG sells products through its website at www.urbanarmorgear.com that includes watch straps.

16. Defendant UAG itself himself has a brand for his watch straps, namely UAG®, and has registered the same before the U.S. Patent and Trademark Office as U.S. Trademark 6,059,158.

17. In spite of having his own watch strap brand, Defendant UAG sells watch straps that are identified with colorable imitations of Plaintiff's "NATO" mark and causes confusion in the marketplace and interference with Plaintiff's business and the business of its licensees.

18. Defendant UAG currently has multiple improper uses of the mark "NATO" on his eBay Store (See "Exhibit 2")

19. The Defendant UAG was not and is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

20. The Defendant UAG used, and continues to use, the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their website as well as on other selling sites. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

21. Further, Defendant continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

22. The Defendant UAG's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark.  Such

intentional acts on the part of Defendant have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

23. The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

24. Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

25. The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the "UAG" products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

26. The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

## CLAIM NO. 2
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

27. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

28. All of the Defendant Lerner's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

## CLAIM NO. 3

*(Federal Trademark Infringement; Unfair Competition
15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

29. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

30. On information and belief, Defendant Milano sells products through its website at www.milanostraps.com that includes watch straps.

31. Defendant Milano itself has a brand for his watch straps, namely Milano Straps™, and has filed for trademark registration before the U.S. Patent and Trademark Office as U.S. Trademark Application Serial No. 97/726371.

32. In spite of having his own watch strap brand, Defendant Milano sells watch straps that are identified with colorable imitations of Plaintiff's "NATO" mark and causes confusion in the marketplace and interference with Plaintiff's business and the business of its licensees.

33. Defendant Milano currently has multiple improper uses of the mark "NATO" on its website (See "Exhibit 3")

34. The Defendant Milano was not and is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

35. The Defendant Milano used, and continues to use, the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their website as well as on other selling sites. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

36. Further, Defendant Milano continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

37. The Defendant Milano's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO®

mark. Such intentional acts on the part of Defendant have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

38. The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

39. Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

40. The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the "Milano Straps" products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

41. The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

## CLAIM NO. 4
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

42. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

43. All of the Defendant Milano's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

## CLAIM NO. 5

*(Federal Trademark Infringement; Unfair Competition
15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

44. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

45. Defendant Island sells watch straps that are identified with colorable imitations of Plaintiff's "NATO" mark and causes confusion in the marketplace and interference with Plaintiff's business and the business of its licensees.

46. On information and belief, Defendant Island's website at http://www.longislandwatch.com.com contains a multitude of improper uses of the mark "NATO." (See "Exhibit 4").

47. The Defendant Island was not and is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

48. The Defendant Island used, and continues to use, the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their website as well as on other selling sites. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

49. Further, Defendant Island continues to advertise their products with the "NATO" mark across the internet, accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

50. The Defendant Island's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark. Such intentional acts on the part of Defendant have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

51. The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's

exclusive rights in its trademark.

52. Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, yet willfully and deliberately infringed Plaintiff's rights.

53. The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the "Island Straps" products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

54. The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

## CLAIM NO. 6
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

55. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

56. All of the Defendant Milano's actions and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court enter an Order against Defendants:

A) A preliminary injunction enjoining the Defendants from making, using, marketing or selling any product or service that infringes upon the Plaintiff's NATO trademark;

B) A preliminary injunction enjoining the Defendants from applying for trademark registration

or otherwise using the term NATO, or any colorable imitation thereof, within any identifier or mark;

C) A transfer of any merchant account usernames or uniform resource locators (URL) owned or controlled by any of the Defendants that include the terms NATO or NATO STRAP to Plaintiff;

D) A permanent injunction enjoining any of the Defendants from making, using, marketing or selling any product or service that infringes upon the NATO trademark;

E) An assessment of interest on the damages so computed;

F) An accounting of each of the Defendants' revenues;

G) A disgorgement of each of the Defendants' revenues;

H) A destruction of counterfeits;

I) An award of damages to the Plaintiff and against the Defendants for all damages sustained by Plaintiff including the Defendant's profits, and the costs of the action pursuant to 15 U.S.C. § 1117(a), and an award of attorney's fees.

J) Judgment against the Defendants indemnifying the Plaintiff from any claims brought against the Plaintiff for negligence, debts, malpractice, product liability, or other breaches of any duty owed by any of the Defendants to any person who was confused as to some association between the Plaintiff and Defendants as alleged in this Complaint;

K) Judgment against the Defendants for an accounting and monetary award in an amount to be determined at trial;

L) Requiring the Defendants to account to the Plaintiff for all sales and purchases that have occurred to date and requiring the Defendants to disgorge any and all profits derived by that Defendant for selling infringing product or services.

M) Requiring the Defendants to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product or services;

N) Requiring the Defendants to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver services to third parties;

O) Ordering a product recall of infringing products and services for destruction;

P) Requiring Defendants to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

Q) Requiring Defendants to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

R) Damages according to each cause of action herein;

S) Prejudgment interest;

T) An injunction against Defendants under 15 U.S.C. § 1116(a) for infringing the Plaintiff's trademark;

U) An order against Defendants to destroy all things related to their infringing articles bearing a colorable imitation of the Plaintiff's mark pursuant to 15 U.S.C. § 1118; and

V) Any such other relief in law or equity that this honorable Court deems just.

# JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.

Most Respectfully Submitted,

　　/s/ David A. Welling　　

**C. VINCENT CHOKEN (0070530)**
**DAVID A. WELLING (0075934)**

*CHOKEN & WELLING*
Attorneys at Law
3020 West Market Street
Akron, Ohio 44333
Tel.     (330) 865 – 4949
Fax     (330) 865 – 3777

**JOHN D. GUGLIOTTA (0062809)**
*Gugliotta & Gugliotta, LPA*
3020 West Market Street3
Akron, OH 44333
Tel.     (330) 253 – 2225
Fax     (330) 253 – 6658

*Counsel for the Plaintiff*